UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

DE-XING HAN,

Plaintiff,

**COMPLAINT**

- against -

UNITED STATES OF AMERICA,

Civil Case No.:

Defendant.

-----------------------------------------------------------------------x

Plaintiff, DE-XING HAN, by his attorneys, Caesar and Napoli, P.C., complaining of the Defendant, hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, and as is more fully described in this Complaint.

2. The Court has personal jurisdiction over the Defendant UNITED STATES OF AMERICA pursuant to Rule 4(i)(1)(A)-(C) of the Federal Rules of Civil Procedure.

3. Venue is proper in this Judicial District pursuant to 28 USC § 1402(b), the incident that is the subject of this action having occurred in the County of New York, State of New York.

4. Pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), the Defendant UNITED STATES OF AMERICA's liability will be determined by the laws of the State of New York.

5. Pursuant to 28 USC § 2674, the Defendant UNITED STATES OF AMERICA's liability is in the same manner and to the same extent as a private individual under like circumstances.

**CONDITIONS PRECEDENT TO SUIT**

6. Pursuant to 28 U.S.C. § 2401(b), within two years of the accrual of Plaintiff's claim, and more specifically, by letter which accompanied a Standard Form-95 "Claim for Damage, Injury or Death", was caused to be served, pursuant to 28 U.S.C. §§ 2401(b), upon the appropriate agency, namely the U.S. Marshals Service.

7. The aforementioned claim was deemed presented to the U.S. Marshals Service on October 1, 2021.

8. Said Claim set forth the following, among other things:

A. The name and post office address of said claimant;

B. The nature of the claim;

C. The time when, the place where and the manner in which the claim arose;

D. The specifics of the involvement of the United States and/or its agencies;

E. The items of damages and injuries claimed to have been sustained as far as then practicable;

F. Documentation to support said claim; and

G. Written demand for a sum certain.

9. At no time after the claim was deemed presented was any notice given that said claim was improper.

10. At no time after the claim was deemed presented was any notice given that the "wrong" agency had received the claim.

11. At no time after the claim was deemed presented was any amendment to said claim filed by Plaintiff DE-XING HAN.

12. Receipt and the presentation of said claim was acknowledged by the U.S. Marshals Service.

13. Said claim was deemed by the U.S. Marshals Service to have been properly and timely presented.

14. Various medical reports, medical authorizations and other information were provided to the U.S. Marshals Service prior to the commencement of the instant lawsuit.

15. As of the date of filing of this Complaint, at least six (6) months have elapsed since the filing of said proper administrative claim with the U.S. Marshals Service.

16. Pursuant to 28 U.S.C. § 2675(a) more than six (6) months have elapsed since the filing of said proper administrative claim, without any final disposition of said claim having been made by the U.S. Marshals Service.

17. No adjustment or payment has been made to Plaintiff DE-XING HAN by any party.

18. Pursuant to 28 U.S.C. § 2675(a), the failure of the U.S. Marshals Service to make any final disposition of said claim within six (6) months after it had been presented to the U.S. Marshals Service shall, at the option of the Plaintiff DE-XING HAN any time thereafter, be deemed a final denial of said claim filed by Plaintiff DE-XING HAN.

19. Accordingly, pursuant to 28 U.S.C. § 2675(a), Plaintiff DE-XING HAN, by filing of this Complaint, has deemed there to have been a "final denial" of said claim, and therefore this action is timely commenced.

**PARTIES**

20. At all times herein mentioned, Plaintiff DE-XING HAN was and is a domiciliary and resident of the State of New York, County of New York.

21. At all times herein mentioned, Dong Kim was and is a domiciliary and resident of the State of New York, County of New York.

22. At all times herein mentioned, the U.S. Marshals Service is a "Federal Agency" pursuant to 28 U.S.C. § 2671.

23. The U.S. Marshals Service is a division, department or agency of, and is operated, managed, supervised and under the direction and control of, the United States Government and the United States of America, which are herein named as Defendant UNITED STATES OF AMERICA.

24. At all times herein mentioned Dong Kim was an employee of the U.S. Marshals Service.

25. At all times herein mentioned Dong Kim was an employee of the Defendant UNITED STATES OF AMERICA, as an employee of the U.S. Marshals Service.

26. At all times herein mentioned Dong Kim was an employee of the Defendant UNITED STATES OF AMERICA.

27. Dong Kim was an employee of the U.S. Marshals Service, acting within the course and scope of his employment with the U.S. Marshals Service at the time of this occurrence.

28. Dong Kim was an employee of the Defendant UNITED STATES OF AMERICA, acting within the course and scope of his employment with the Defendant UNITED STATES OF AMERICA at the time of this occurrence.

**AS AND FOR A FIRST CAUSE OF ACTION**

29. At all times herein mentioned U.S. Marshals Service was the owner of a motor vehicle bearing New York State license plate number JHV4538, having a registrant name U.S. Marshals Service.

30. At all times herein mentioned Defendant UNITED STATES OF AMERICA was the owner of a motor vehicle bearing New York State license plate number JHV4538, having a registrant name U.S. Marshals Service.

31. At all times herein mentioned, and on October 16, 2020, Dong Kim operated the aforementioned motor vehicle.

32. At all times herein mentioned, and on October 16, 2020, Dong Kim operated the aforementioned motor vehicle with permission from the U.S. Marshals Service.

33. At all times herein mentioned, and on October 16, 2020, Dong Kim operated the aforementioned motor vehicle with knowledge of the U.S. Marshals Service.

34. At all times herein mentioned, and on October 16, 2020, Dong Kim operated the aforementioned motor vehicle with consent from the U.S. Marshals Service.

35. At all times herein mentioned, and on October 16, 2020, Dong Kim operated the aforementioned motor vehicle in the course of employment with the U.S. Marshals Service.

36. At all times herein mentioned, and on October 16, 2020, Dong Kim operated the aforementioned motor vehicle with permission from Defendant UNITED STATES OF AMERICA.

37. At all times herein mentioned, and on October 16, 2020, Dong Kim operated the aforementioned motor vehicle with the knowledge of Defendant UNITED STATES OF AMERICA.

38. At all times herein mentioned, and on October 16, 2020, Dong Kim operated the aforementioned motor vehicle with the consent of Defendant UNITED STATES OF AMERICA.

39. At all times herein mentioned, and on October 16, 2020, Dong Kim operated the aforementioned motor vehicle in the course of employment with Defendant UNITED STATES OF AMERICA.

40. At all times herein mentioned, Dong Kim, the U.S. Marshals Service, and/or Defendant UNITED STATES OF AMERICA controlled the aforementioned motor vehicle.

41. At all times herein mentioned, Dong Kim, the U.S. Marshals Service, and/or Defendant UNITED STATES OF AMERICA managed the aforementioned motor vehicle.

42. At all times herein mentioned, Dong Kim, the U.S. Marshals Service, and/or Defendant UNITED STATES OF AMERICA maintained the aforementioned motor vehicle.

43. At all times herein mentioned, Dong Kim, the U.S. Marshals Service, and/or Defendant UNITED STATES OF AMERICA repaired the aforementioned motor vehicle.

44. At all times herein mentioned, Dong Kim, the U.S. Marshals Service, and/or Defendant UNITED STATES OF AMERICA inspected the aforementioned motor vehicle.

45. On October 16, 2020, the roadways of Pike Street at or near its intersection with East Broadway, County of New York, State of New York, were public roadways, streets and/or thoroughfares.

46. On October 16, 2020, Dong Kim was operating the above-mentioned motor vehicle at or near the aforementioned location.

47. On October 16, 2020, Plaintiff DE-XING HAN was a lawful pedestrian at or near the aforementioned location.

48. On October 16, 2020, the vehicle operated by Dong Kim came in contact with Plaintiff DE-XING HAN.

49. As a result of the aforementioned contact, Plaintiff DE-XING HAN was injured.

50. Said contact and resulting injuries were caused by the negligence, gross negligence, carelessness, and/or recklessness of Dong Kim, the U.S. Marshals Service, Defendant UNITED STATES OF AMERICA, and/or Defendant's employees, servants, assignees, agents and/or others acting on its behalf, and without any negligence or fault on the part of the Plaintiff DE-XING HAN contributing thereto.

51. Dong Kim, the U.S. Marshals Service, Defendant UNITED STATES OF AMERICA, and/or Defendant's employees, servants, assignees, agents and/or others acting on its behalf were negligent, grossly negligent, careless and/or reckless, in the ownership, lease, operation, control, management, maintenance, repair and/or inspection of the above-mentioned motor vehicle.

52. The aforesaid negligence, gross negligence, carelessness and/or recklessness includes, though is not limited to the following: operating said vehicle with a total disregard for the health, safety and welfare of others; failing to avoid coming into contact with the pedestrian Plaintiff; failing to timely and properly utilize brakes; coming into contact with a pedestrian lawfully crossing in a crosswalk and with the right of way; failing to yield the right of way to a pedestrian in a crosswalk; failing to observe a pedestrian in a crosswalk; failing to yield to a pedestrian with the right of way; failing to keep a proper lookout given the circumstances then and there existing; failing to see what was there to be seen using the proper use of senses; failing to properly or timely utilize brakes, steering, signals and horns; failing to signal; operating a motor vehicle at an excessive rate of speed; failing to obey traffic control devices; turning when it was not reasonably safe to do so; failing to give warning or signal a turn; failing to obey roadway markings; failing to obey the rules of the road, regulations and traffic laws then and there existing; failing to adequately and properly supervise the operator of said vehicle; failing to instruct the

operator of said vehicle as to the proper practices and procedures in the operation of said vehicle; having negligent and improper hiring practices; failing to properly train employees and potential employees; and otherwise taking actions that brought about the incident herein.

53. By reason of the foregoing, Plaintiff DE-XING HAN sustained severe and permanent personal injuries, and Plaintiff DE-XING HAN otherwise sustained damages.

54. By reason of the foregoing, Plaintiff DE-XING HAN suffered and will continue to suffer damages as a result of his physical injuries, including severe pain and suffering and functional limitations; and incurred and will continue to incur economic losses, including but not limited to hospital, physician and other medical expenses, lost earnings and out-of-pocket expenses; and sustained and will continue to sustain other damages to which Plaintiff DE-XING HAN, is and will become entitled to by law.

55. Plaintiff DE-XING HAN sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

56. Plaintiff DE-XING HAN sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

57. Plaintiff DE-XING HAN is not seeking to recover any damages for which Plaintiff DE-XING HAN has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff DE-XING HAN. Plaintiff DE-XING HAN is seeking to recover only those damages that have not been recovered through no-fault insurance under the facts and circumstances in this action.

58. This action falls within one or more exceptions set forth in CPLR § 1602, including but not limited to (6), (7) and/or (11), and therefore, the limitations set forth in CPLR § 1601 do not apply.

59. The acts and/or omissions on the part of the Defendant UNITED STATES OF AMERICA, and/or Defendant UNITED STATES OF AMERICA's employees, servants, assignees, agents and/or others acting on its behalf do not fall into the "discretionary function" exception, or any other exception recognized by law, to the Federal Tort Claims Act.

60. By reason of the foregoing, Plaintiff DE-XING HAN has been damaged in the sum of $5,000,000, or such other amount to be determined at the trial of this action.

WHEREFORE, Plaintiff demands judgment against the Defendant on the alleged cause of action in the sum of $5,000,000, along with the costs and disbursements in this action, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 12, 2022

Ernest Spivak, Esq. (ES 4335)
Caesar and Napoli, P.C.
Attorneys for Plaintiff
DE-XING HAN
233 Broadway, Suite 2348
New York, New York 10279
(212) 226-2100
File No.: 40973.ESMH

To: UNITED STATES OF AMERICA (by Personal Service)
UNITED STATES ATTORNEY'S OFFICE
SOUTHERN DISTRICT OF NEW YORK
DAMIAN WILLIAMS, UNITED STATES ATTORNEY
(or Designee for Service of Process)
86 CHAMBERS STREET, 3RD FLOOR
NEW YORK CITY, NY 10007

UNITED STATES OF AMERICA (by Certified Mail)
MERRICK B. GARLAND, ATTORNEY GENERAL OF THE UNITED STATES
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20530

U.S. MARSHALS SERVICE (by Certified Mail)
OFFICE OF GENERAL COUNSEL
ATTN.: OGC TORTS TEAM
BUILDING CG-3, 15TH FLOOR
U.S. MARSHALS SERVICE
WASHINGTON, D.C. 20530-0001